In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00132-CR


______________________________




FLORENCE JEAN FISHER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 354th Judicial District Court


Hunt County, Texas


Trial Court No. 23,229




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Florence Jean Fisher appeals from her conviction by a jury for the first degree felony of 
injury to a child, causing serious bodily injury by an intentional act. (1) The victim in this prosecution
was Anthony Ray Mach, her husband's twelve-year-old son. There was no deadly weapon finding,
and Florence was sentenced to ninety-nine years' imprisonment. The State introduced extraneous
offenses at trial, showing that she and her husband, Anthony Fisher, physically and mentally abused
all eight of the children living in their home and that the abuse led to the death of another child, four-year-old Jordan Mach. Florence's appeal from her conviction in that case is also before this Court
in cause number 06-06-00131-CR. 

 On appeal, Florence contends that the evidence is legally and factually insufficient to support
her conviction for injuring Anthony Ray and that the trial court erred by allowing the State to exhibit
photographs of the children during its opening statement. 

 In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).

 In a factual sufficiency review, we view all the evidence in a neutral light and determine
whether the evidence supporting the verdict is so weak that the jury's verdict is clearly wrong or
manifestly unjust or against the great weight and preponderance of the evidence. Marshall v. State,
210 S.W.3d 618, 625 (Tex. Crim. App. 2006); Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim.
App. 2006); Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In a factual sufficiency
review, we are to afford "due deference" to a jury's determinations. Marshall, 210 S.W.3d at 625.

 The victim in this case is Anthony Ray, one of the eight children living in Florence's
household. He is the biological child of Florence's husband, Anthony Fisher. He testified that he
had gone to live with Florence and his father after his biological mother died. The record indicates
that four children, Anthony Ray, Anthonisha, Jordan, and Jazmine, were Anthony Fisher's biological
children and that the other four children were Florence's biological grandchildren. 

 Anthony Ray testified that Jean and his father beat him and Jordan, describing the beatings
as making them bend over and touch their toes and be hit hard with a belt. He testified that
sometimes Jean would sit on the couch while his father beat Jordan and that sometimes she would
sit on them while the father hit them. He testified that at one point he was hit on the head by his
father, causing him to lose consciousness; he woke up in the back yard, wrapped in a sheet, near a
dug hole. Both adults were watching him when he woke up, and they then moved the sheet away. 
He also testified to a number of other punishments (which could in both cases more accurately be
called torture) that were inflicted on his brother Jordan, including being placed in a tub full of ice
water, and putting a rubber band tightly around his penis so he would not wet the bed.

 Linda Duggan, a counselor who worked for the State, testified that Anthony Ray had told her
during their counseling sessions about the matters set out above in Anthony Ray's testimony. She
also testified that he had told her that Florence threatened to have his father whip him if he did not
do as he was told and that, as Anthony Ray had described them, those whippings were actually
beatings with straps, with belts, and while being held down. She also testified that Anthony Ray had
told her that Florence had individually beaten him, locked him in a closet numerous times, and that
he was required to stand in a bent-over position for hours--or even all night long at the side of her
bed. She testified that Anthony Ray had told her that, when he woke up wrapped in a sheet in the
back yard, with the adults standing over him, he heard them talking about burying him and that they
thought he was dead. She testified that Anthony Ray had tried to run away from home three times
and that the police were involved in two of those occasions--and that he was returned to the house. 
According to Duggan's testimony, Anthony Ray only began telling about the injuries from Florence
in 2005, after he finally became sure that he was going to be adopted by his grandparents.

 The jury was charged that it could find Florence guilty either for her individual acts or as a
person criminally responsible for the conduct of her husband. (2) The evidence as set out above shows
that Florence did not attempt to stop her husband from severely beating Anthony Ray to the point
that he lost consciousness, assisted in the beatings, was involved in a near-burial of the child, and
threatened him with additional beatings, as well as beating him herself. This evidence is both legally
and factually sufficient to support the verdict.

 Florence next contends that the trial court erred by allowing the State to show five
photographs of the children to the jury during its opening statement at trial. That issue is identical
to one also decided this day in Fisher v. State, No. 06-06-00131-CR, and for the reasons stated in
that opinion, we likewise find no reversible error on that point in this appeal.

 We affirm the judgment. 




 Jack Carter

 Justice


Date Submitted: February 1, 2007

Date Decided: April 11, 2007


Do Not Publish

1. "A person commits an offense if he intentionally, knowingly, recklessly, or with criminal
negligence, by act . . . causes to a child, . . . (3) bodily injury." Tex. Penal Code Ann. § 22.04
(Vernon Supp. 2006). 
2. "A person is criminally responsible for an offense committed by the conduct of another if:
. . . acting with intent to promote or assist the commission of the offense, he solicits, encourages,
directs, aids, or attempts to aid the other person to commit the offense." Tex. Penal Code Ann.
§ 7.02(a)(2) (Vernon 2003).


erif">                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      December 7, 2004
Date Decided:         January 20, 2005